UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00080-GNS-LLK

JACKIE SCARBOROUGH and
JULIA SCARBOROUGH                                                                              PLAINTIFFS

V.

INGRAM BARGE COMPANY and
U.S. UNITED BARGE LINE, LLC                                                                DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Partial Summary Judgment (DN 19) filed by Defendant Ingram Barge Company. The time for filing a response has passed, and the motion is ripe for decision. For the reasons outlined below, the motion is **GRANTED**.

### I.   SUMMARY OF FACTS AND CLAIMS

On April 29, 2011, Plaintiff Jackie Scarborough ("Jackie") was working for Defendant Ingram Barge Company ("Ingram") as a deckhand on the M/V SUE KOSSOW. (Compl. ¶¶ 8-9, DN 1. While Jackie was holding a line, a line broke causing Jackie to fall striking the right side of his neck on a D-ring. (Compl. ¶ 10). While Jackie was initially able to continue to work despite being in pain, he ultimately had surgery on his neck. (Compl. ¶¶ 11-15). Following the surgery, Jackie alleges that he "has been left with almost no mobility in his neck, constant excruciating pain, he walks using his shoulders to keep his neck stiff, and he also has stabbing

1

pain down his neck, back and into his hips." (Compl. ¶ 15). After the surgeon determined that Jackie was disabled and could not return to work, Ingram terminated his employment. (Compl. ¶ 16).

Jackie and his wife, Julia Scarborough ("Julia"), subsequently filed this action asserting that Ingram was negligent and that Plaintiffs are entitled to recovery of damages under the Jones Act, 46 U.S.C. § 30104 (former version at 46 U.S.C. § 688). (Compl. ¶¶ 17-28). In the present motion, Ingram moves to dismiss the loss of consortium claim asserted by Julia. (Def.'s Mem. in Supp. of Mot. for Partial Summ. J. 1-2, DN 19).

## II. JURISDICTION

This Court has jurisdiction of this matter under 28 U.S.C. § 1331, the Jones Act, 46 U.S.C. § 30104, and admiralty law, 28 U.S.C. § 1333.

## III. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of any material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### III. DISCUSSION

In the Complaint, Julia asserts that she "is entitled to recovery for the loss of love, affections, and companionship brought about by [Jackie's] injury." (Compl. ¶ 27). In *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), the Supreme Court stated:

> The Jones Act applies when a seaman has been killed as a result of negligence, and it limits recovery to pecuniary loss . . . . It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman.

*Id.* at 32-33. In addition to wrongful death claims, this holding has been applied to negligence claims. *See also Butler v. Ingram Barge Co.*, No. 5:14-CV-00160-TBR, 2015 WL 1517438, at *2 (W.D. Ky. Apr. 1, 2015) (citing *Miles* in dismissing a loss of consortium claim under the Jones Act). Thus, neither the Jones Act nor general maritime law did permit the recovery of nonpecuniary damages, like loss of consortium. *See Miles*, 498 U.S. at 32-33. Because Julia cannot assert a loss of consortium claim against Ingram, the Court will grant this motion.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment (DN 19) is **GRANTED**, and Plaintiff Julia Scarborough's loss of consortium claim is **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
January 7, 2016

cc: counsel of record